## L. McQUARRY *v.* JOHN W. ROCHESTER ET AL.

**Attachment—Necessary Affidavit.**

It is error to sustain an attachment levied on a non-resident's real estate in the absence of an affidavit to the effect that the defendant has no personal property in this State or not enough thereof to satisfy plaintiffs' claim.

**Land Susceptible of Division.**

It is error to adjudge that an entire tract of land be sold to satisfy a judgment when it is not made to appear that it was not reasonably susceptible of division.

APPEAL FROM GARRARD CIRCUIT COURT.

November 23, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal brings up for revision a judgment of the Garrard circuit court in several consolidated suits against Mrs. L. McQuarry and others, directing a sale of a house and lot in the town

of Lancaster, levied on under attachments against Mrs. McQuarry, and a subsequent judgment confirming a commissioner's report of the sale.

The action of the court is complained of on various grounds, of which it is only necessary to refer to such as must control our decision. 1. In all the cases except that of L. Lusk the plaintiff failed to file an affidavit as required by section 251 of the Civil Code, to the effect that Mrs. McQuarry, who had not appeared or been actually summoned, had no personal property or not enough to satisfy the plaintiff's claims in this State known to them or the party making the affidavit. 2. As the price for which the property was sold exceeded the amount of the debts and costs, it was not necessary to adjudge the sale of the entire property unless it was made to appear that it was not reasonably susceptible of such a division as to admit of a sale of so much only as was necessary to pay the debts and costs, and as this fact was not made to appear, the judgment was on this ground erroneous. 3. In the cases of Rochester & McNeil, M. T. Evans, Yantis & Sweeney and Sutfield & Smith, the attorney, M. L. Rice, appointed to defend the action for the absent defendant, does not seem to have filed a written statement signed by him, of what he had done as required by section 441 of the Code before any order for his compensation should have been made; the orders allowing said Rice compensation in these cases was therefore erroneous.

Other irregularities appear in the record, but as the judgments must be reversed for the errors already indicated, it is unnecessary to consider them.

We express no opinion as to the validity of the sale. On the return of the cause, that matter may be litigated by proper proceedings, and the defendants will be permitted to defend the actions.

Wherefore, the judgments are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.